**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39887**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 595** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 25, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALEX EAMONN STEWART,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction for possession of marijuana with intent to deliver, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Alex Eamonn Stewart appeals from his judgment of conviction entered upon his conditional guilty plea to possession of marijuana with intent to deliver. Specifically, he contends the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

A confidential informant identified Stewart's roommate, Daniel L. Widner, as being involved in drug trafficking. The informant told the detective on the case the he believed Widner would soon be traveling to California to purchase marijuana to sell in Idaho. Almost three weeks later, the informant told the detective that Widner and Stewart had left that morning for California in Stewart's vehicle. Officers were instructed to be on the lookout for Stewart's vehicle returning to Mountain Home. An officer observed Stewart's vehicle, followed it for less than a mile, and effected a traffic stop after the driver committed what the officer believed to be several traffic violations.

1

When the officer approached the vehicle, which Widner was driving with Stewart in the passenger seat, he detected the odor of marijuana. After being removed from the vehicle, Widner admitted there was a small amount of marijuana in his jacket in the vehicle and turned over the drugs to the officer. Thereafter, officers utilized a drug detection dog and the dog alerted on the vehicle. A search of the vehicle revealed boxes in the backseat containing over two pounds of marijuana.

Stewart was charged with trafficking in marijuana. He moved to exclude all evidence obtained incident to the search of his vehicle, arguing the stop of his vehicle was not constitutionally permissible. The district court agreed that what the officer had believed to be traffic violations did not justify the stop, but found that the information provided by the confidential informant supplied the officer with the requisite reasonable suspicion necessary to instigate the stop.

Stewart entered a conditional guilty plea to the amended charge of possession of marijuana with intent to deliver, Idaho Code § 37-2732(a)(1)(B), reserving his right to appeal the denial of his motion to suppress to exclude the evidence found in the vehicle. He now appeals the denial of his motion to suppress, contending the information provided by the confidential informant was insufficient to give the officer the reasonable articulable suspicion to justify the investigative stop.

Stewart's sole claim on appeal is that the police lacked reasonable and articulable suspicion to stop the vehicle because, under the totality of the circumstances, the confidential informant's information was not reliable and therefore could not justify the stop. However, Stewart's co-defendant, Widner, made the same argument to this Court in his appeal from his convictions stemming from the stop of Stewart's vehicle. In *State v. Widner*, 155 Idaho 840, 317 P.3d 737 (Ct. App. 2013), we determined that under the totality of the circumstances, the information from the confidential informant was reliable and provided the requisite reasonable and articulable suspicion for the officer to effectuate the stop. Thus, we need not belabor Stewart's argument presented here; our holding in *Widne*r is dispositive of this case as well. The district court did not err in denying Stewart's motion to suppress to exclude the evidence found in the vehicle. Stewart's judgment of conviction for possession of marijuana with intent to deliver is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**

2